WOOD & LIGHT MACHINE CO., In re. See Case No. 4,534.

WOODY (O'BRIEN v.). See Case No. 10,398.

WOOLBRIDGE (WEBSTER v.). See Case No. 17,340.

## Case No. 18,024.

### WOOLCOCKS v. MANY et al.

[9 Blatchf. 139; 5 Fish. Pat. Cas. 72.] [1]

Circuit Court, S. D. New York. Sept. 20, 1871.

INFRINGEMENT OF PATENT—SPEAKING-TUBE WHISTLES.

The first claim of the letters patent granted, May 24, 1870, to Thomas J. Woolcocks, for an "improvement in speaking-tube whistles," namely, "in combination with the cylindrically formed barrel A, the stem F, having the reacting spring G attached to it, and operating on the outside of the barrel, as hereinbefore described, and for the purposes set forth," is infringed by a combination consisting of the barrel, stem and spring, the spring being attached to the stem, and operating on the outside of the barrel, and the barrel being octagonal instead of cylindrical, the combination being, in all other respects, the same, and the octagonal form possessing all the advantages of, and being the equivalent of, the cylindrical form, as contradistinguished from the previous square form.

[This was a bill in equity by Thomas J. Woolcocks against Francis Many and others.]

[Final hearing on pleadings and proofs. Suit brought upon letters patent [No. 103,406] for an "improvement in speaking-tube whistles," granted to complainant May 24, 1870. A description of the invention and the claims will be found in the opinion of the court, and will be readily understood by reference to the engravings. In the infringing device, the barrel marked A was octag-

onal in form, but the spring, G, was placed on the outside; while, in the tubes made prior to the complainant's patent, the barrel was square, and the spring was placed within it.] [2]

Charles F. Blake, for plaintiff.
Jonathan Marshall, for defendants.

BLATCHFORD, District Judge. This suit is founded on letters patent granted to the plaintiff, May 24, 1870, for an "improvement in speaking-tube whistles." The patentee in his specification, says: "My invention relates to certain improvements in the manufacture of speaking-tube whistles, for which a patent was granted to myself and partner, May 4, 1852, and extended for the term of seven years, from and after the 4th of May, 1866. In the invention thus pat-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel T. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 139, and the statement is from 5 Fish. Pat. Cas. 72.]
[2] [From 5 Fish. Pat. Cas. 72.]

ented, the barrel was made square, and the spring attached to the rod operating the whistle secured to the inside of the barrel, thus making it difficult to get at the whistle to repair, should the spring break, and at the same time requiring a large unsightly barrel, or box (more properly) to admit of the working of the spring thus arranged within it." He states, that his invention consists, "first, in applying the spring to the rod or stem, for operating the whistle, on the outside of the cylindrical barrel, so as to be accessible at all times for repairing, without taking the whistle barrel to pieces; second, in forming a solid flange or hinge to the edge of the valve or top plate of the whistle, for supporting or holding the spring, rod or stem, when attached thereto, in contradistinction to the old method of making the valve plate of the whistle by soldering an independent flange or hinge thereto." Figures of drawings accompany the specification, and it gives a description of the construction of the parts of the apparatus which embody the improvements. The barrel or box which contains the whistle is stated to be cylindrical in form, in contradistinction to being square. The invention covered by the patent of 1852 is the introduction of an alarm valve or whistle into the speaking tube. This valve closes the mouth of the tube, when the tube is not in use, being held to its place by a spring. There is a mouth piece at each end of the tube. Immediately behind the mouth piece is a chamber containing the valve. The valve is a hollow disc, formed so as to produce a whistling noise by means of an orifice through it, whenever a strong current of air is impelled through. The valve is attached to a spindle, which has a handle worked from the outside, so as to raise the valve against the action of the spring, when it is desired to use the tube. The person desiring to speak raises the valve, and blows through the tube, and thus sounds the whistle at the other end, and attracts the attention of the person to be spoken to, who, by raising the valve at his end, enables a conversation to be held through the tube. The patent of 1852 represents the barrel or box containing the valve as being square in form, and the spring as being coiled around the spindle inside of the barrel. In the patent of 1870, the upper one of the two concave perforated discs which form the valve-whistle, has around it a marginal flange, which, at one side, is doubled in width, so as to form a solid hinge piece, to which the stem or spindle for operating or raising the valve may be attached. The specification states, that, previously, the hinge piece had been formed separately and soldered to the edge of the flange, and that then the stem or spindle was soldered to the hinge piece. In the patent of 1870, the spring for keeping the valve shut, is a spiral spring, coiled around the stem on the outside of the barrel, and

thus accessible at all times for repairs. The claims of the patent of 1870 are as follows: "(1) In combination with the cylindrically formed barrel A, the stem F, having the reacting spring G attached to it, and operating on the outside of the barrel, as hereinbefore described and for the purposes set forth. (2) The disc B, having a solid flange D and hinge piece E attached thereto, as hereinbefore described, and for the purposes set forth."

The speaking tube sold by the defendants, and alleged to infringe the patent, has, in combination with a barrel containing the valve, the stem, having attached to it a reacting spring, operating on the outside of the barrel, such combination being, in all respects, the same as that covered by the first claim of the patent, except that, in the defendant's tube, the barrel or box is octagonal, instead of cylindrical. But, in the combination, the octagonal form, as contradistinguished from the previous square form, is the equivalent of the cylindrical form, as contradistinguished from the previous square form. The evidence shows that the octagonal form possesses all the advantages which the cylindrical form has. There can be no doubt, therefore, that the defendant's tube infringes the first claim of the plaintiff's patent.

The infringement of the second claim is not established. The mode used by the defendants, of attaching the stem to the valve, appears to be a mode that was used for that purpose in making tubes under the patent of 1852, before the plaintiff made his inventions covered by the patent of 1870, and not to be the mode described by the plaintiff in that patent.

The defence that the plaintiff abandoned his inventions is not made out. There must be a decree for the plaintiff, for a perpetual injunction, and an account of profits, as respects the first claim of the patent.